WILLIAM PARR, Appellant, v. UNION ELECTRIC CO., Appellee.

**Street railways:** EXCESSIVE SPEED: EVIDENCE. In this action for injury at a street car crossing the evidence is held insufficient to show that the car was negligently operated at an excessive rate of speed.

**Juries:** CHALLENGE: PREJUDICE. Where the evidence is not sufficient to warrant recovery by plaintiff and a verdict is directed against him for that reason, rulings on his objections to jurors and the manner of selecting the jury are without prejudice.

*Appeal from Dubuque District Court.*—HON. ROBERT BONSON, *Judge.*

FRIDAY, JANUARY 13, 1911.

ACTION for damages for injuries to person and property. At the close of all the evidence, the court directed a verdict for the defendant and entered judgment against the plaintiff for costs. Plaintiff appeals.—*Affirmed.*

*John A. Cunningham* and *James C. O'Brien,* for appellant.

*Nelson, Duffy & Denison,* for appellee.

EVANS, J.—The plaintiff brought his action to recover damages for injuries resulting to him as a result of a collision with one of the defendant's street cars at Dubuque on June 9, 1907. The collision occurred at the intersection of two streets known as Washington and Twentieth Streets. The plaintiff was driving south on Washington Street, and the street car was going east on Twentieth

Street. The plaintiff was driving along the center of Washington Street which was twenty-eight or thirty feet wide between the curbs at this place. He was driving a blind horse at "a dog trot" without any change of pace up to the moment of the accident. It was after night, and a threatening thunderstorm had just begun. The car and the horse came together in such a way' that the car pushed the horse and vehicle to its left or north side, throwing the horse down and breaking the spokes out of the right front wheel of the cart, and throwing plaintiff in such a way that he fell between the cart and the car. The negligence charged in the petition is that the car approached and passed the crossing at an excessive speed without warning. One alleged ground for directing the verdict was that there was no evidence to sustain this charge of negligence, and we give our first consideration to this question.

I. Neither the plaintiff nor any of the persons with him in his wagon testified concerning the speed of the car. They did not discover the presence of the car until the collision actually occurred. The only witness offered by the plaintiff on that question was one Mrs. Kern. Her home was on one of the corners of the intersecting streets. She heard the car going by just before the accident. She testified: "The motor was going at full speed." The plaintiff offered no other witness on this question, but did cross-examine the witnesses of the defendant whose testimony showed a very moderate rate of speed. We think it must be said that the testimony quoted was quite insufficient to sustain the charge of excessive speed. The lack of testimony on the part of plaintiff in this respect is also much emphasized by the affirmative testimony on the part of the defendant. It appears without dispute that the car had let off a passenger at Jackson Street next west of Washington, two hundred and sixty-four feet distant, and that several passengers rang the bell for a stop at Washington. The car

1. STREET RAIL-
WAYS: exces-
sive speed:
evidence.

did stop somewhere between the point of the collision and
the ordinary stopping place for Washington Street. The
passengers who alighted at Washington Street were used
as witnesses, and each testified that he gave a stop signal
for Washington Street, and that the car immediately
slowed down for that purpose. Not only, therefore, was
there a lack of evidence on the part of the plaintiff, but
the affirmative evidence on the part of defendant was quite
overwhelming. The verdict was rightly directed on this
ground. It is also urged on behalf of appellee that the
plaintiff failed to show freedom from contributory negli-
gence. There is much in the state of the record to justify
this claim. But we do not pass upon it in view of our
holding on the question of the negligence of the defendant.

II. Plaintiff challenged several jurors for cause, and
objected to the method by which the jury ballots were kept
and drawn out of the jury box. His challenge and objec-
tions were overruled. These rulings are all
2. JURIES:
  challenge:   shown in the abstract, and are presented for
  prejudice.
our consideration in appellant's argument.
It is manifest that the appellant could have nothing at
stake in these rulings on this appeal. The court having
directed the verdict against him, he had no further interest
in the composition of the jury. If the verdict was rightly
directed for want of proof, the appellant could not save
his case by showing errors, if any, in the selection of a
jury. The error, if any, was without any prejudice to him.
The same would be true, if we were to hold that the
evidence was sufficient to go to the jury. We could only
award him a new trial which would necessarily take place
before another jury. What is now said is applicable also
to certain other exceptions based upon the admission of
testimony of defendant over the objections of appellant.
If we were to sustain every exception thus urged upon our
attention it could have no effect upon the sufficiency of
plaintiff's case to go to the jury.

Complaint is made also of the rulings of the court in rejecting certain testimony on behalf of plaintiff. We discover no error in any of such rulings. The order of the trial court must be *affirmed*.